HOUSTON, Justice
(dissenting).
“Mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Adams, 514 So.2d 845, 850 (Ala. 1987).
I find no clear legal right in the petitioners to the order sought and no imperative duty upon the Honorable Arthur J. Hanes, Jr., the Honorable Jack Carl, the Honorable Roger Monroe, or the Honorable Stuart Leach to perform. Because the four essential elements are in the conjunctive, I dissent.
The petitioners have no clear legal right to the order sought and the circuit judges have no imperative duty to perform, for the following reasons.
Title 13, § 160, Code of Alabama 1940, provided that a court such as the 10th Judicial Circuit Court “shall have three separate divisions; an equity division, a criminal division, and a law division; and [that] the judges of such circuits shall serve or sit in such division and perform such duties in any division as they may be directed from time to time by the presiding judge.”
This was not repealed by Acts of Alabama 1975, Act No. 1205, page 2384. This Act “[rjepeals sections 157, 158, 159, 179, 180, and 181 of Title 13 of the Code of Alabama 1940” (page 2384). The title to the Act does not address the abolition of the three separate divisions of certain circuit courts (Title 13, § 160). The Act 1205 amendment of § 1 of Title 13, Code of Alabama 1940, provides in pertinent part: “The judicial power of the state is vested exclusively in a unified judicial system which shall consist of ... a trial court of general jurisdiction known as the circuit court”; that amendment does not impliedly repeal Title 13, § 160 (page 2387). The clause “The presiding circuit judge shall exercise a general supervision of judges ...” (page 2387) does not impliedly repeal Title 13, § 160. No other provision of Act No. 1205 expressly or impliedly repeals Title 13, § 160. Section 6.11 of Amendment 328 of the Constitution of Alabama of 1901 provides in pertinent part: “The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts.... These rules may be changed by a general act of statewide application.”
Rule 2, A.R.Civ.P. provides: “There shall be one form of action to be known as ‘civil action.’ ” I do not see how this rule impliedly repealed Title 13, § 160. The distinction between law and equity is retained for many purposes (e.g., in regard to the right to trial by jury); therefore, I do not see how it could be held that the rule referring to “one form of action” abolished the equity and law divisions of the circuit court of the 10th Judicial Circuit.
The listing in “Appendix II. Statutes and Rules Superseded,” contained in West Publishing Company’s Alabama Rules of Court 1992, at pages 152-162, does not indicate that Title 13, § 160, was superseded by the Alabama Rules of Civil Procedure. I recognize the disclaimer at the beginning of Appendix II; however, I find comfort in knowing that the distinguished members of this Court’s Advisory Committee on Rules of Civil Procedure did not consider that Title 13, § 160, had been superseded by the Rules of Civil Procedure.
Finally, a certain general act of statewide application requires a holding that Rule 2 could not impliedly repeal or supersede Title 13, § 160. Alabama Code 1975, § 12-1-22, provides:
*330 “The adoption of this Code shall not repeal or amend any statute in effect on the effective date of this Code which is applicable only with respect to one or more judicial circuits of the state, whether such judicial circuits are identified by specific reference thereto, on the basis of population or by any other method of identification or classification; nor shall the adoption of this Code be deemed to repeal any general law, general law of local application or local law in effect on the effective date of this Code relating to the appointment, ... [or] duties ... of any court personnel.”
(Emphasis added.)
I have no authority to determine that Order GO-92-1 is not authorized under Alabama law. To the contrary, for all that I can find, this order complies with Title 13, § 160, Code of 1940, and Alabama Code 1975, § 12-1-22. Therefore, I must conclude that the petitioners have no clear legal right to the order sought and that the judges have no imperative duty to perform.
I would deny the writs; therefore, I dissent.